HARDY, Judge.
This is an action by wife and husband for personal injuries and property damages and medical expenses, respectively, arising from an automobile accident at the intersection of Beech and Third Streets in the Town of Arcadia, Bienville Parish. At the point of the collision Beech Street runs north and south and Third Street intersects at a right angle east and west. The insured, W. D. Truluck, is made a party defendant with his insurer. Defendants reconvened for damages to Truluck’s automobile as a result of the collision. From a judgment in favor of defendants, on the basis that both plaintiff and defendant were guilty of negligence, the plaintiffs have appealed.
In these proceedings, plaintiff’s collision insurer, Service Fire Insurance Company of New York, has intervened to recover the amount of the collision damages paid to defendant.
We think the contributory negligence of Mrs. Whitman is conclusively established by *320 the following- quotation from her testimony on cross-examination, as follows :
“Q. Well, anyhow, you were about halfway between the red light on Beech Street, which is the next block south of this intersection, when you first saw Mr. Truluck’s car; correct?
“A. Yes, sir.
“Q. And he, at that time, was signaling for a left turn?
"A. Yes, sir.
“Q. Now, upon seeing him signal for the left turn, what action, if any, did you take, Mrs. Whitman?
“A. I just thought he had sense enough not to make a left-hand turn in front of anybody.
“Q. All right. And, so believing, you proceeded straight ahead?
“A. Yes, sir; because I had the right of way.
"Q. You did not slack your speed or anything ?
“A. No, sir.
"Q. You had the right of way?
“A. Yes, sir.
"Q. And you aimed to hold it; is that correct?
"A. Well, I just thought that — I meet cars there all time and they give signal lights but they do not turn in front of me, make a left tura.
■“Q. But, nonetheless, when you saw his car with the blinker lights on, you did nothing except to proceed straight ahead?
-“A. No, sir.
■“Q. You did not decelerate or apply the brakes on your automobile—
“A. No, sir.
“Q. —at that time, did you?
“A. No, sir.
“Q. And you continued toward the intersection ?
“A. Yes, sir.
“Q. Now, as you approached the intersection, how near did you get to that intersection when you did decide to apply your brakes?
“A. Immediately when I saw him dart out across in front of me, then I—
“Q. All right. How far were you from the intersection at that time ?
“A. Well, I was getting pretty close to the intersection.
“Q. Well, we are dealing in facts and figures. This is a lawsuit, Mrs. Whitman, and to say that you were getting 'pretty close’ means very little. How close would you say, how near to that intersection were you, when you decided to apply your brakes?
“A. Well, if I said forty-five feet (45') well, that — he was already turning.
“Q. Well, if you did slide forty-five feet (45'), then you applied your brakes at least forty-five feet (450 south of the intersection?
“A. Yes, sir.
“Q. Now, did you make any attempt to apply your brakes until you say you saw him begin to turn left?
“A. No, sir.
“Q. Up until that moment you had not decelerated the speed of your car one whit ?
“A. No, sir.”
*321 While it is firmly established that a motorist has the right to rely upon the conclusion that an approaching car will not make a left turn in its path, we think this legal principle must be subject to the reasonable discretion and judgment of the approaching motorist. There is no question but that Mrs. Whitman, in the time and at the distance in which she observed Tru-luck's signal, could and should have taken action to avoid the collision.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.